## CAULK *v.* BURT.

[75 South, 593-369, In Banc.]

1. APPEAL AND ERROR. *Disposition of case.*

Where a decree for the defendant in a suit for the cancellation of a conveyance on the ground that the grantee had taken an inequitable advantage is reversed, the supreme court will enter a decree cancelling the conveyance and remand the cause solely for the purpose of an accounting between the parties.

2. SAME.

In such case the grantee in the accounting is entitled to a refund of the purchase money, and should be credited with all lawful taxes and any sums paid by him on account of any prior incumbrance and necessary repairs, and to personal possession of the property until crops planted by him can be removed.

APPEAL from the chancery court of Bolivar county.
HON. JOE MAY, Chancellor.

On motion to correct former judgment. See 112 Miss. 660, for former opinion.

*Time E. Cooper* and *B. J. Semmes* and *A. D. Sommerville,* for appellant.

*Fontaine Jones* and *Green & Green,* for appellee.

STEVENS, J., delivered the opinion of the court.

The opinion delivered in this cause on the suggestion of error directs that the case be reversed and remanded, and judgment accordingly has been entered. Appellant presents a motion to correct the decree in so far as it reverses and remands the case generally, and asks that the court enter a decree here canceling the conveyance made by the appellant to Mr. Burt, and directing that the cause be remanded solely for the purpose of an accounting. Appellant presents with his motion a draft of a decree which he contends would be proper and which the court ought now to enter. We have considered the motion and the draft of the proposed decree, and in our opinion appellant, under the statute, is entitled to a decree here canceling the conveyance, and the form of the decree as prepared by counsel for the appellant is most liberal in observing the legal rights of Mr. Burt, and meets with our approval. The form of the decree is a form which the chancellor should and would have entered in event he himself had directed the cancellation of the conveyance. It provides for a general accounting between the parties, the appointment of the chancery clerk as commissioner to take and state the account, and specially deals with the right of Mr. Burt to a refund of the purchase money and the items for which he ought to be charged. Mr. Burt, of course, should be credited with all lawful taxes, with any sums

paid by him on account of any prior incumbrance, and for necessary repairs, and the decree protects his personal possession of the property until the crops of the present year can be removed.

Justice requires that the cause be remanded for the purpose of an accounting, and that the principles governing the accounting should be announced by this court. This is in line with the practice in *Thomson* v. *Hester,* 55 Miss, 657. The motion to correct the decree heretofore entered is accordingly sustained; decree will be entered here canceling the deed; the cause will be remanded for the purposes of an accounting, and the commissioner in stating his account will be governed by the principles herein announced.

*Remanded.*